133 N.J. Super. 415 (1975)
337 A.2d 52
DONALD F. BEGRAFT, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF FRANKLIN BOARD OF EDUCATION, A BODY POLITIC OF THE STATE OF NEW JERSEY, AND ZITONE CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1975.
Decided March 25, 1975.
*416 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. George T. Daggett argued the cause for the appellant.
Mr. Emanuel A. Honig argued the cause for the respondent Borough of Franklin Board of Education (Messrs. Honig and Honig, attorneys).
Mr. William A. Dolan, II argued the cause for the respondent Zitone Construction Co., Inc. (Messrs. Dolan and Dolan, attorneys).
The opinion of the court was delivered by ALLCORN, J.A.D.
Compliance with the provisions of N.J.S.A. 18A:18-8 et seq., requiring that all persons *417 desiring to submit bids for public work proposed to be done by local and other boards of education, the cost of which will exceed $10,000, be first classified by the State Board of Education as to the character and amount of work "on which they shall be qualified to submit bids," is mandatory. N.J.S.A. 18A:18-9.
Designed to assure to as great an extent as possible that only those bidders who have the ability to perform a contract may submit bids, prequalification by a single state agency, according to uniform standards as to "financial ability, adequacy of plant and equipment, organization and prior experience, and * * * such other pertinent and material facts as may be deemed desirable," N.J.S.A. 18A: 18-10, serves to protect a vital and valid public interest, and to protect as well the interests of the contractors. Quite plainly, ability to perform is of the very essence of any contract for public work. So significant did the Legislature deem it to be that the boards of education were specifically charged, first, to "require that all persons proposing to bid * * * shall first be classified by the State Board," and second, to "accept * * * bids only from persons qualified in accordance with such classification." N.J.S.A. 18A:18-9.
Having failed to so qualify by the date fixed for the reception of bids, plaintiff was disqualified from submitting a bid. Moreover, defendant board of education was without the authority to accept the bid, since such disqualification could not be waived by the board. And, qualification by plaintiff after the date fixed for the submission of bids but prior to the actual award of the contract, does not satisfy the requirement of either the statute or the invitation to bid. N.J.S.A. 18A:18-9; Hillside Tp. v. Sternin, 25 N.J. 317, 324 (1957); J. Turco Paving Con., Inc., v. Orange City Council, 89 N.J. Super. 93 (App. Div. 1965).
Accordingly, the cause is remanded to the Law Division with directions to enter judgment in favor of defendants and against plaintiff, dismissing the complaint. R. 2:10-5; R. 2:11-2. Costs on this appeal to defendants.