236 N.J. Super. 603 (1989)
566 A.2d 585
BIL JIM CONSTRUCTION CO., INC., PLAINTIFF,
v.
MANCHESTER TOWNSHIP BOARD OF EDUCATION AND AMERICAN TRACK AND TENNIS CO., DEFENDANTS.
Superior Court of New Jersey, Law Division Ocean County.
Decided August 31, 1989.
*605 Steven I. Pfeffer for plaintiff (Levin, Shea & Pfeffer, attorneys).
Richard K. Sacks for defendant Manchester Tp. Bd. of Educ.
SERPENTELLI, A.J.S.C.
This opinion considers the ramifications of the classification requirement of the Public Schools Contracts Law, N.J.S.A. 18A:18A-26, and implementing regulations in N.J.A.C. 17:19-26. The issue before the court is novel since there is no guiding authority under the present statute.
Defendant Manchester Township Board of Education (hereinafter "board") solicited bids for the construction of four tennis courts. Four bids were received. Two were rejected for reasons not material to the present litigation. Plaintiff Bil Jim Construction Co., Inc., bid $98,795, and defendant American Track and Tennis Co. (hereinafter "American") bid $99,500. The board determined that plaintiff did not submit the appropriate proof of classification as required by N.J.S.A. 18A:18A-26. The contract was awarded to American. Plaintiff filed a complaint in lieu of prerogative writs and obtained an order to show cause seeking temporary restraints. On the return date of the order to show cause the court dissolved the restraints and permitted the board to proceed with the contract at its own risk. This opinion resolves the question of whether the contract was properly awarded.
The ability to perform the work required is of the very essence of any contract for public work. Donald F. Begraft, Inc. v. Franklin Bd. of Education, 133 N.J. Super. 415, 417 (App.Div. 1975). Thus N.J.S.A. 18A:18A-26 imposes the requirement that all bidders be prequalified to perform the work involved in the contract. It states:
Every board of education shall require that all persons proposing to bid on any contract requiring public advertisement for bids with the board for public work, the entire cost whereof will exceed $20,000.00, shall first be classified in accordance with [N.J.S.A. 18A:18A-27 et seq.] as to the character and amount *606 of public work on which they shall be qualified to submit bids. So long as such requirement is in effect, the board of education shall accept such bids only from persons qualified in accordance with such classification.
Prequalification serves to protect a vital and valid public interest as well as to protect the interests of the bidders. Contract specifications requiring prequalification of bidders are designed to assure that only those bidders who have the ability to perform the work may be awarded the contract. Begraft, supra at 417.
Pursuant to N.J.S.A. 18A:18A-27(d), the State Board of Education has delegated the classification function to the Department of the Treasury. That department has adopted regulations which create classifications for such things as "C060 athletic fields/tracks/courts," "C022 fencing," "C054 site work" and "C057 landscape constr[uction]." N.J.A.C. 17:19-26.
In this case the board did not specify which classification was required. The court has been provided with the classification certificates for Bil Jim and American. Plaintiff is classified for site work and landscape construction but not for athletic fields/tracks/courts. Plaintiff asserts that it intended to subcontract the topcoat portion of the job to a builder who was qualified for athletic fields/tracks/courts as plaintiff has done for other school contracts awarded to it. Plaintiff argues that because the major part of the job is site work, "site work" should be the required classification.
American is classified for athletic fields/tracks/courts but not site work. Apparently American intended to subcontract all site work. The board contends that the bid specifications call for tennis courts, so "athletic fields/tracks/courts" is the intended classification.
The purpose of the bidding laws is to protect the public by placing bidders on an equal footing and to ensure that competition will eliminate the possibility of fraud, extravagance or favoritism in the expenditure of public funds. Skakel v. *607 North Bergen Tp., 37 N.J. 369, 378-79 (1962). To conform with statutory requirements, bid specifications for public contracts:
shall be sufficiently full and explicit to notify prospective bidders of the kind and nature of the subject and set up a common standard of competition, in short, supply such information as will afford all bidders a fair and reasonable opportunity for competition and enable them to bid intelligently. [citations omitted; Camden Plaza Parking, Inc. v. City of Camden, 16 N.J. 150, 159 (1954)]
Bidders are induced to participate by the promise of impartiality which only quality specifications can insure. Greenberg v. Fornicola, 37 N.J. 1 (1962). Our Supreme Court in Waszen v. Atlantic City, 1 N.J. 272 (1949), cautioned against deviation from this well established doctrine.
The rule is one which is rooted deep in sound principles of public policy by general application. It should be rigidly adhered to by the courts and not frittered away by a careless or indifferent application to specifications that are not clear, precise and definite on all matters that are material to the proposals, to which bidders are invited to compete. The necessity of having a common standard and the importance of definite and precise specifications upon which to found corporate action are too apparent to require argument. [at 283-284]
Strict adherence to these rules makes bidding more attractive to a larger number of competitors and the probability that the public will receive that for which it bargained, at the least possible cost, is enhanced. Jersey City Merchants Council v. Jersey City, 39 N.J. 42, 52 (1962).
The statutory scheme mandates that the board accept bids only from those bidders who have the appropriate qualification certificate. Which classification is proper for any given job is a question for the board to determine in the reasonable exercise of its discretion. That judgment is entitled to the normal presumption of validity accorded governmental actions. A challenge to the board's prequalification requirements must show that they are arbitrary, capricious or unreasonable. However, where the specifications do not contain the required classification, the court must scrutinize the post-bid decision to determine whether the qualification is obvious on its face or, at least, reasonably implied. Of course, the better practice would be for the specifications to designate which classification is *608 required to qualify for the award of the contract. Ideally, the board's specifications should incorporate the titles and codes assigned to those titles in the administrative regulations. N.J.A.C. 17:19-2.6.
The court recognizes that "[t]o invalidate an award for deficiency in the specifications, `the irregularity must be of a substantial nature  such as will operate to affect fair and competitive bidding.'" James Petrozello Co., Inc. v. Chatham Tp., 75 N.J. Super. 173, 178-79 (App.Div. 1962) quoting from Phifer v. Bayonne, 105 N.J.L. 524, 527 (Sup.Ct. 1929). The failure of the specifications to designate which classification was required for the contract involved in this case left unbridled discretion with the board to determine, after the bids were opened, which classification was required for the job. Given the nature of all the work involved, it cannot be said that plaintiff is not qualified and American is. The choice of American, while presumably in good faith, can create the perception of favoritism our law scrupulously seeks to avoid. The same could be said had the bid been awarded to plaintiff. Therefore, the court concludes that the policy underlying governmental bidding laws can only be served by vacating the award of the contract, rejecting all bids and allowing the board to rebid with more detailed specifications concerning qualification.